May it please the Court, my name is Gloria Contreras-Eden, and I have the privilege of representing petitioners in this case. I'll reserve one minute for appeal, or for rebuttal. The main issue on this case is whether or not it's proper for the Board to refuse to consider the expert declaration provided in the petitioner's motion to reopen. There are a few key facts to keep in mind. First, it's the expert declaration's published date, July 26, 2017. Second key fact to keep in mind is that the declaration bears on petitioners' credibility. Third fact is that the credibility determination was the main reason for denying at the immigration judge's level. And the fourth issue is that the Board held that the expert declaration was not new and failed to state a reason with any specificity as to why it refused to consider it. Here, Your Honor, the Board engaged in improper fact-finding. In the motion to reopen the case, the Board engaged in improper fact-finding by finding that the expert declaration was not new information. It also engaged in improper fact-finding when the government attorneys failed to provide any evidence opposing the motion to reopen, showing that the evidence was not new. When you say improper fact-finding, are you saying that it was wrong, that they came to factual conclusions that we should find are just patently wrong, or that there was something improper about making facts at that stage of the proceeding? Yes. The Board engaged in fact-finding, which was, in fact, not something it was supposed to do. By engaging in fact-finding, the Board basically created part of the record. And that's an interesting kind of distinction between reviewing the underlying IJ order or opinion and then considering a motion to reopen. What, in your view, should the Board do in that situation in order to determine whether or not to reopen? How do they do that without coming to some kind of factual conclusion about whether or not it's appropriate to reopen? Sure, Your Honor. I think the Board has a policy for the motions to reopen is to determine, the Board should analyze whether the evidence is new and whether it's likely to change the outcome of the case. If it's new and likely to change the outcome of the case, then the Board would then remand it back to the immigration judge for fact-finding. But it didn't do that here. The Board instead decided that the evidence wasn't new all by itself. And so it can't do that. Wait, I don't quite understand. You said the Board should determine whether it's new and whether it would change the outcome of the case. And isn't that exactly what – the Board didn't do both things, but the Board determined it was not new. And so they did exactly what you said they should have done, right? I mean, unless I'm misunderstanding what you said, please correct me if I am. Yeah, the Board in this case determined that the information was new. But it wouldn't have known that the information was new without it looking beyond what was within the record. So it can't – the Board can't do that. The Board can only decide – the Board can only analyze – the Board can analyze the information and decide whether it's new and whether – I mean, so the government has to oppose it. And in this case, the government didn't even oppose it. It just looked at the document itself and said this is – I'm sorry. It said that it wasn't new. I think that's confusing. Well, I mean, let's just take a – I'm sorry. No, no, no. Rather than getting into this, I don't want to confuse you, but when they're – whether it's new or not, if they say it's new but you could have gotten it before, the BIA says this. Both of those would be grounds for denying relief. And so I'm trying to figure out why if – based on what you said, why the BIA can't make those determinations as a theoretical matter, even aside from this case. It seems like that's exactly what you're asking the BIA to do. You're saying I have new evidence, and does it meet the standard for a motion for reconsideration? And can't they then look at that evidence and say, well, no, it doesn't meet the standard for a motion for reconsideration or a motion to reopen? Yes, and you're correct, Your Honor. The board, in looking at a piece of evidence, can't necessarily determine on its own. So the standard for a motion to reopen is whether the evidence is newly available or likely to change the outcome of the case. And in this case, the board engaged in improper fact-finding when it decided in its decision that the evidence was not new. It couldn't have known that it was not new without it looking at some other source or looking at the Internet. But in this case, none of that – so the board in this case then created the record. I hope that clarifies it. Maybe that's not so clear. It doesn't. I want to ask you quickly about what I think is actually a really big issue in this case, and I'm going to have a lengthy discussion with the government about it, which is your Pereira issue that you raised in your reply brief. And I don't think it was too late because the case hadn't been decided when you submitted the appellant's brief, and it was a new case. But I wonder about that, and I wonder whether we need more information because I don't know if the notice to appear requirement in Pereira – different context, right, because it was the stop-time rule, and we don't have a stop-time rule issue here. But I wonder whether it's subject-matter jurisdiction. I wonder whether it's personal jurisdiction. I wonder whether it's something else entirely because if it's subject-matter jurisdiction and the case was not initiated properly by the government, then we shouldn't be here, the IJ shouldn't be here, the BIA shouldn't have acted, and maybe this case needs to start over. And I'm wondering if you could talk to me about that, and I'll have a conversation with opposing counsel about it as well. Yes, Your Honor. The Pereira issue is not relevant necessarily on the motion to reopen, but for the motion to reconsider, it certainly does because it presents us a different – it presents – essentially it's a new law. And so with that, on the motion to reconsider, it would be whether or not this court would then consider this motion to be a direct appeal. So the motion to reconsider is statutory, and so whether or not this court considers it to be a direct appeal would then – the Pereira would then have a bearing on the case. Would that be something that we should be remanding back to let the IJ, the BIA, deal with that issue initially? Or have you already filed something like that? Have you filed anything with the Immigration Court on this issue? Yes, we have, Your Honor. We have filed numerous briefs and petitions with the immigration judge on the issue of Pereira. The immigration judges have held that Bermuda's Coda is holding and that they're confined by Bermuda's Codas. We think they're incorrect. Don't you have a ruling on that yet in this case? On Bermuda's Codas? No, in this case. No, Your Honor. We don't have any ruling on this case just because of where it's at. But certainly, we do think that this does have a bearing on this case. And if this court wants me to expand on those issues, I would ask that the court give me time to provide a brief so that I could add additional arguments to discuss the statutory and regulation issues and then the deference issues. Well, and the BIA has held, right, that it's not a subject matter jurisdiction issue, that the initiation of the case is not a problem, even if the notice to appear was deficient. Am I correct in that? Yes, Your Honor. Not in this case, but in a different case. Yes, Bermuda's Coda basically says that the immigration judge can cure its putative notice to appear, that the immigration judge essentially has the power within the regulation to cure. But that doesn't necessarily, it's not consistent with what is in the statute. And the statute basically says that the notice to, proceedings commence upon the notice to appear in the immigration court. So by saying that the immigration judge can cure its own defective notice doesn't make any sense. And I think that that, of course, will be an issue for further litigation. I think my time is up. Thank you. Thank you, counsel. May it please the Court, Colin Tucker for the Attorney General. You may proceed. I guess I'll start by just diving right into reopening. I know there's a lot about Pereira that we may have to discuss. As far as the expert's declaration is concerned, I think it is important to note that the question is not just new, but rather was it also undiscoverable. And here the government's position is that it was not. And I want to ask the Court in resolving this issue to look closely at Ivanov v. Gonzales, which is cited in the government's brief. Now, that's a case in which the Department of Homeland Security saw a reopening based on an expert analysis of the petitioning aliens documentary evidence that was not produced or transmitted to the Department until after proceedings had concluded. The Board granted reopening. On petition for review, this Court overturned that grant. It held that there was no reason to believe the Department couldn't have tried to obtain that analysis or something similar before the proceedings had closed. And I think that what's good for DHS is good for the petitioner in this case.  The first being, does Pereira even apply in situations like this one? The government's position is that Pereira was narrowly decided, and it addresses the intersection of the statutory definition of a notice to appear and the cancellation of removal stop time rule. Neither one of those, the stop time rule is not implicated in this case. The statute in which the definition of notice to appear appears does not define how the immigration court establishes jurisdiction. But here's the problem I'm having with your argument. I would say that Pereira is even more attenuated between the connection between the notice to appear and the substantive issue than this case is. In other words, here we're talking about, I mean, again, it was brought up in the reply brief. It wasn't litigated below, but here we're talking about the initiation of the action, which is the purpose of the notice to appear, right? And in the other case, you're talking about whether or not you credit time, continuous presence in the United States, based on whether the notice to appear was effective. And so it seems to me that when the Supreme Court says in Pereira, this is what a notice to appear requires. It requires a date, time, and a place. And this one doesn't? Then this is an effective notice to appear. And what we need to figure out, maybe I'm wrong. The government can have a different view. We need to figure out what the implications of a defective notice to appear are. Do you agree with that, or where am I wrong in my reasoning? Well, there's a lot there, Your Honor. First, your point about it being less attenuated. In Pereira, the stop time rule specifically references the statutory definition of a notice to appear. It does? So our position is that Pereira actually helps us in that sense in that if you move to the regulations, the regulations specifically reference the notice to appear as it's defined by the regulation. And as defined by the regulation, there is no requirement for the notice of time and place. As for the larger implications of this argument, I think it's important for the Court to be aware of the fact that if it holds Pereira applies and if it finds that the subsequent hearing notice doesn't cure the defect, you will be finding not only that all of the deficient notice, that proceedings are no good for all the deficient notices to appear that were issued in cases of aliens who were ultimately ordered removed, but also that they were deficient in the cases of aliens who ultimately demonstrated eligibility for relief, like asylum, withholding of removal, cap protection, cancellation of removal. Those proceedings would be no less deficient than the ones that wind up on petition for review. I agree. But the one deficiency I'm seeing in your argument, at least at the beginning when you talked about the differences, is the statutes require a charging document of some sorts to be filed and how you initiate it. And there's references to the notice to appear to being the charging document. So it seems to me the notice to appear is no less essential in this context, this factual context, than it is in the factual context of the stop time rule. Am I wrong about that?  I don't know, but the government's position is that that notice to appear should be defined by reference to the regulation, in this case, and not the statute. Where we're dealing with the stop time rule issue, because the statute that lays out the stop time rule specifically references the statutory definition, that's when you should look to the statutory definition. What do you do with the regulation, though, that says, and I think, I don't have the exact language in front of me, but it says something along the lines of either it refers to the notice to appear, but I think it refers to the charging document, that the regulation says the charging document is jurisdictional, something of that nature. What do we do with that language? Isn't there some language in that? Maybe I'm wrong about that. I'm sure there's a reference to a charging document. I don't know that it refers to the document as jurisdictional. Again, all I can say is that the regulations lay out what the acceptable charging documents are, and the same regulation defines notice to appear as not requiring a time and place. Okay. Again, I join opposing counsel in saying that if the court's inclined to use this particular case as a vehicle for resolving the issue, supplemental briefing could be very helpful. If there are no additional questions, I'm prepared to conclude. I guess not. The petition should be denied in part and dismissed in part. Thank you. Thank you, counsel. All right. Take one minute and conclude, please. I'll conclude with addressing that issue on prayer, Your Honor. Basically, the statute says that every removal proceeding conducted under 240B of the Act, to determine the deportability or inadmissibility of an alien, is commenced by the filing of the notice to appear within the immigration court. In other words, jurisdiction vests upon filing the notice to appear in the immigration court. That notice to appear has to have the time and date and place of the hearing. And you're referencing HCFR 1003.14A. Is that right? I am referencing HCFR 1239.1A, Your Honor. Thank you. And finally, Your Honor, as to the issue of the remand, we're asking this court to remand back to the Board of Immigration Appeals with instructions to either remand it back to the immigration judge or to explain why it didn't address with specificity its decision or remand it back to the Board of Immigration Appeals with instructions from this court. Thank you. Thank you very much. Thank you, counsel. The case is submitted. And we'll have a decision in due course. Does that conclude our calendar for this morning? It does, Your Honor. Very well.